**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE | ) | Case No. 16-14802 |
| | ) | |
| Nelson C Payne, | ) | Chapter 13 |
| | ) | |
| Debtor(s). | ) | Judge Jack B. Schmetterer |

**AGREED ORDER DETERMINING VALUE OF CLAIM SECURED BY A LIEN**

This cause coming before the court on the Debtor's Motion to Determine Value of Claim Secured by a Lien, all parties having been given notice thereof, and the Court being duly advised, it is hereby ordered by the Court that:

1. The Debtor's real estate, commonly known as 8010 S Marshfield, Chicago, IL 60620, PIN 20-31-214-022-0000, is valued at $140,000.00.

2. The first mortgage holder Deutsche Bank National Trust Company, as Trustee under the Pooling and Servicing Agreement Relating to IMPAC Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2006-4, will be paid the value of the property, $140,000.00, at 5.25% interest over the life of the Debtor's Plan.

3. The Debtor shall be responsible for all post-petition taxes and insurance on the subject property. The Creditor will cancel the escrow account for this loan.

4. The Debtor shall remit payment for all ongoing taxes and insurance directly to the county and insurance provider, respectively.

5. The Debtor shall pay the yearly property taxes on or before the due date on the original property tax bill commencing with the second installment of the 2016 property taxes that come due for the real property located at 8010 S Marshfield, Chicago, IL 60620.

6. The Debtor's failure to pay any future taxes by the date the property taxes are due for any future tax year and/or the Debtor's failure to maintain adequate insurance on the subject property shall constitute a default.

7. The Creditor made post-petition disbursements for taxes in the amount of $2,268.87; the Debtor shall repay the Creditor for the post-petition disbursement of $2,268.87 within six (6) months of plan confirmation. The Debtor's failure to timely repay the Creditor for the post-petition disbursements shall constitute a default.

8. In the event the Debtor fails to comply with any provision in the above paragraphs, said failure shall constitute an event of default and the Creditor shall be allowed to pursue modification of the automatic stay.

9. In the event that the property is destroyed or damaged, pursuant to the mortgage, the Creditor is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the mortgage.

10. If the Debtor converts this case to any other chapter, or the case is dismissed, the loan will reinstate back to its original terms and be payable according to the terms of the mortgage and note.

AGREED as to form and content by:

Deutsche Bank National Trust Company, as
Trustee under the Pooling and Servicing
Agreement Relating to IMPAC Secured Assets
Corp., Mortgage Pass-Through Certificates,
Series 2006-4,                                                      Nelson C Payne,

_/s/ Amanda J. Doyle_                                               _/s/ John P. Wonais_
Amanda J. Doyle of                                                  John P Wonais, his attorney
Heavner, Beyers & Mihlar, LLC


SO ORDERED.

ENTERED:   **2 4 MAY 2017**

Hon. Jack B. Schmetterer
UNITED STATES BANKRUPTCY JUDGE